# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN WATSON, | 15cv0888 |
| | **ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss the Class Action Complaint. Doc. no. 22. Plaintiff filed a Brief in Opposition to the Motion to Dismiss. Doc. no. 33.

The Court notes that it recently denied Plaintiff's Motion to Remand this matter to Pennsylvania's Court of Common Pleas for Fayette County (see doc. nos. 36 and 37), and after doing so, allowed both parties to file supplemental briefs in connection with the Motion to Dismiss. See text order at doc. no. 38. Defendant filed a Supplemental [and Reply] Brief, but Plaintiff did not. See doc. no. 39.

The Motion to Dismiss is now ripe for adjudication. The sole issue before the Court is whether the addition of a single word ("motorist") to statutorily prescribed language (which does not create an ambiguity, but rather, clarifies the statutorily prescribed language) renders a UIM waiver invalid. Defendant argues that unpublished federal court case law controls this issue, while Plaintiff counters that intermediate state court case law controls the matter. After a thorough review of all of the case law, the Court will grant Defendant's Motion to Dismiss for the reasons set forth herein.

## I. STANDARD OF REVIEW

### A. Rule 8

When considering a Motion to Dismiss predicated upon Rule 8 of the Federal Rules of Civil Procedure, the Court notes that Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) noted . . . "that a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The United States Court Appeals for the Third Circuit in *Phillips v. County of Allegheny,* 515 F.3d 224 (2008), held that pursuant to the *Twombly* decision, Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and noted that the threshold requirement of Rule 8(a)(2) that the plain statement possess sufficient heft to show that the pleader is entitled to relief. 515 F.3d at 231 (internal quotations and citations omitted). Again, relying on *Twombly*, the Court of Appeals concluded that a Complaint's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 232.

### B. Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Twombly,* 550 U.S at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. FACTUAL BACKGROUND

The following relevant facts are accepted by the Court as true solely for the purposes of adjudicating Defendant's Motion to Dismiss. Defendant insured Plaintiff's motor vehicles. Doc. no. 1-2, ¶ 3. This motor vehicle policy indicated that Plaintiff had rejected underinsured motorist ("UIM") coverage. Id., ¶ 5. In order to reject the UIM coverage, Plaintiff signed a rejection form prepared by Defendant. Id., ¶ 6. Plaintiff's Complaint alleges (on his behalf and others similarly situated) that the rejection form provided by Defendant is invalid because the wording on the form fails to conform, word for word, with statutorily prescribed language.

Plaintiff's Complaint defines the class as follows:

> 20. This action is brought as a class action and the Court is requested to certify the following class: (a) all Pennsylvania citizens on the date of the filing of the complaint[1]; (b) who were ANPAC insureds as defined by MVFRL or the applicable ANPAC policy; (c) which ANPAC policy provided that UIM benefits were rejected; (d) for whom ANPAC cannot produce a valid rejection form for UIM coverage as required by Section 1731(c. I) of MVFRL; and (e) who were injured in motor vehicle accidents by an underinsured motorist on or after June 5, 2009.

Id., ¶ 20.

## III. DISCUSSION

The issue before the Court turns on the legal soundness of the rejection form issued by Defendant ("ANPAC") to Plaintiff (and all members of the putative class as defined above). Per Plaintiff's Complaint, the rejection form issued by Defendant fails to conform to the requirements set forth in 75 Pa.C.S.A. § 1731. Plaintiff's Complaint is predicated upon this failure and alleges that Defendant's failure entitles Plaintiff and the putative class to relief. Defendant concedes that the language in its rejection form deviates from the statutorily-required

---

[1] The Court finds as fact that Plaintiff filed his Complaint in Pennsylvania's Court of Common Pleas of Fayette County on June 8, 2015. See State Court date stamp set forth on p. 2 of doc. no. 1-2.

language set forth in § 1731; but nevertheless, argues that the difference is of no moment under the law. As noted above, the Parties disagree as to the body case law which governs this issue.

A. **The Pennsylvania Statute**

The relevant subsection of Section 1731 reads as follows:

> (c) Underinsured motorist coverage.--Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefore from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:
> > REJECTION OF UNDERINSURED MOTORIST PROTECTION
> > By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

75 Pa.C.S.A. § 1731(b) and (c).

A copy of Plaintiff's Rejection of Underinsured Motorist Protection prepared by Defendant was attached to the Complaint. It reads as follows:

> 1. REJECTION OF UNDERINSURED MOTORIST PROTECTION
>
> By signing this waiver I am rejecting Underinsured Motorist Coverage under this policy, for myself and all relatives residing in my household. Underinsured Motorist Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

Doc. no. 1-2, p. 11. The difference between the statement prepared by Defendant in this case and the statute, is the word "motorist," which appears in the second sentence of Defendant's version, immediately above.

**B. The Parties Respective Arguments Surrounding the Pennsylvania Statute**

Defendant has moved this Court to dismiss Plaintiff's case primarily based on *Robinson v. Travelers Indem. Co.*, 520 F. App'x. 85 (3d Cir. 2013) and *Ho v. Allstate Indem. Co.*, ___ Fed. App'x. ___, 2015 WL 3561229 (3d Cir. June 9, 2015), both of which are unpublished decisions issued by the United States Court of Appeals for the Third Circuit.

In *Robinson,* the wording in the rejection of motorist coverage form used by Travelers is <u>identical</u> to the wording set forth in the waiver prepared by Defendant in this case, above. The Court of Appeals, in *Robinson,* held that there was no ambiguity in the wording of the rejection form Travelers issued; to the contrary, the Court noted that the addition of the word "motorist" could be considered a clarifying word. The Court, therefore, remanded the case to District Court with instructions that the underlying court enter judgment in Travelers' favor.

Plaintiff, in the instant matter, recognizes the existence and similarity of the *Robinson* case, but argues that because *Robinson* (and *Ho*) are unpublished opinions, this Court should instead rely upon on Pennsylvania case law. To this end, Plaintiff relies on decisions issued by the Pennsylvania Superior Court. *See, i.e., National Union Fire Ins. Co. v. Irex Corp.,* 713 A.2d 1145 (Pa. Super. 1998) (holding endorsement language and form substantially deviated from the required rejection language, thus, the insured's waiver of UIM was unenforceable); *Amer. Int'l. Ins. Co. v. Vaxmonsky*, 916 A.2d 1106 (Pa. Super. 2006) (where insurer omitted the word "all" from the phrase "all losses and damages" on the UIM protection rejection form, the Court upheld the insured's motion for judgment on the pleadings finding the form to be invalid); and *Jones v. Unitrin Auto and Home Ins. Co.*, 40 A.3d 125 (Pa. Super. 2012) (holding that a UIM rejection form that added a sentence deviated from the statutorily prescribed language and thus, was void). The basic argument Plaintiff makes through his recitation of this (and other) State Court case

law, is that <u>any</u> deviation from the statutorily prescribed wording automatically results in an invalid form and thus, any waiver made on such an invalid form is void.

### C. Unpublished Court of Appeals Case Law vs. Intermediate State Court Case Law

This Court must first determine whether to rely upon Federal or State Court case law when deciding the issue of whether the UIM waiver Plaintiff signed is valid.

This Court acknowledges Plaintiff's argument that the federal body of case law handed down by the Court of Appeals for the Third Circuit (*Robinson* and *Ho*) are not "binding" on this Court because those federal appellate decisions were unpublished. However, this Court finds that even though the Court of Appeals' cases cited by Defendant are "predictive" rulings, they may still bind this Court.

In *Clark v. Prudential Ins. Co. of America,* 736 F. Supp. 2d 902, (D.N.J. 2010) the District Court of New Jersey succinctly noted:

> Pursuant to Rule 5.7 of the Internal Operating Procedures, the citation of unpublished Court of Appeals decisions is discouraged and "[s]uch opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing." See, *e.g., Jamison v. Klem*, 544 F.3d 266, 278 n. 11 (3d Cir. 2008) ("We do not accept [unpublished opinions] as binding precedent because, unlike precedential opinions, they do not circulate to the entire court before they are filed."); *In re Grand Jury Investigation,* 445 F.3d 266, 276 (3d Cir. 2006) (finding that "[t]he District Court erred in relying on a NPO," and stating that such rulings "are not precedents for the district courts of this circuit.")

*Id.* at 940. However, the District Court in *Clark* also noted that unpublished Court of Appeals' decisions could serve the District Courts as "persuasive authority." *Id.*

More recently, in *Kantor v. Hiko Energy, LLC*, ___ F. Supp. 3d ___, 2015 WL 1650049 (April 14, 2015), the Eastern District Court of Pennsylvania noted as follows:

> A predictive ruling by the Third Circuit is generally binding on the district court. However, when the Pennsylvania intermediate appellate courts have ruled to the contrary and their decisions have not been overruled by

7

> the state's highest court, we are no longer compelled to follow the Third
> Circuit's prediction. See *Aceto v. Zurich Ins. Co.*, 440 F.2d 1320, 1322 (3d
> Cir. 1971) ("No one may properly rely upon what we have held as more
> than persuasive on a question of Pennsylvania law so long as the
> Pennsylvania Supreme Court has not ruled upon that legal question."). It
> is state law, not federal law, we must follow.

*Id.* *3.

In contrast to Defendant's citation to the Court of Appeals predictive rulings, Plaintiff presented this Court with a body of case law from Pennsylvania's Superior Court, an intermediate appellate state court. Importantly, this Court notes that the relevant facts in the Court of Appeals case, *Robinson,* are <u>identical</u> to those presented here. The facts presented in the Pennsylvania Superior Court cases cited by Plaintiff, *Irex*, *Vaxmonsky*, and *Unitrin*, are <u>dissimilar</u> to the facts in *Robinson*, *Ho*, and this case. Because of the factual dissimilarity, this Court does not find that the Pennsylvania Superior Court in *Irex, Vaxmonsky,* or *Unitrin* ruled contrary to the Court of Appeals in its *Robinson* and *Ho* decisions. As such this Court is bound to follow the Court of Appeals' "prediction" set forth in *Robinson* and *Ho* as suggested in *Kantor.*

This Court believes that the Court of Appeals' decision in *Robinson* (as well as its decision in *Ho*), is very narrow – it limited the deviation from the statutorily prescribed language to only those situations where the deviant language: (1) created no ambiguity, and (2) further clarified the statutorily prescribed language. Given that the precise language at issue here is <u>identical</u> to the language in *Robinson,* this Court echoes the *Robinson* Court in holding that "[t]o find the rejection form void because of the addition of one word – a word that appears elsewhere in the statutory text many times – would be to elevate form over substance in a hyperliteral interpretation of the MVFRL that defies common sense." Like the Court in *Robinson*, this Court declines to endorse such an interpretation.

The Defendants Motion to Dismiss shall be granted.  An appropriate Order shall follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc: All Registered ECF Counsel